O'Brien, Appellant, vs. The Home Insurance Company, Respondent.

*March 18 — April 9, 1891.*

*Fire insurance: Forfeiture for misrepresentations: New trial.*

1. A policy of insurance containing a condition that it shall be void if any false statements are made in the application therefor, is rendered void by a gross understatement in such application of the amount of incumbrances on the property.

2. A motion for a new trial on the ground of newly discovered evidence, made nearly a year after dismissal of the complaint, *held* properly denied, where it appeared that the witness expected to be produced was present at the former trial, but went away before being examined, and that no attachment was issued for him, and no application was made for a continuance, and it does not appear that the new evidence will materially change the facts as proved before.

APPEAL from the Circuit Court for *Brown* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that on or about November 15, 1886, the plaintiff applied to the defendant company for $2,265 insurance upon his two-story frame dwelling-house, including foundation, and other buildings and property, situated on sixty-five acres of land described, for the term of three years, and that he thereupon signed a written application to that effect, stating, among other things, in effect, that said property was then owned by the plaintiff; that his title to said premises was in fee-simple; that said real estate was incumbered to the amount of $350; that the whole value of said real estate covered by said incumbrances, including the buildings and land, was $3,500, and that the same was then occupied by him; that upon said application the defendant issued to the plaintiff a policy of insurance dated November 17, 1886, and insuring said property from that date to November 17, 1889, in the amount named, and which policy

contained provisions to the effect that such contract of insurance was based upon the valuations and representations contained in said application signed by the plaintiff, and submitted to the company, and which were therein made a warranty and a part of said policy, and that it was therein stipulated and agreed that, if any false statements were made in said application or otherwise, or if the assured was not the sole and unconditional owner in fee-simple of said property, then, in each of said cases, said policy should be null and void; that September 10, 1887, said dwelling-house, and part of the furniture, beds, bedding, wearing apparel, and provisions so insured, were totally destroyed by fire; that January 7, 1888, the plaintiff commenced this action to recover said loss; that at the close of the testimony "it was made a matter of record that the plaintiff is entitled to recover the amount of his claim, unless the defense that the policy is void, because of the misrepresentations in the application, prevails;" that the court thereupon submitted to the jury two questions, which, with their answers, were as follows, to wit: (1) "Was the deed from Martin O'Brien to the plaintiff executed and delivered to the plaintiff, or some one for him, prior to November 15, 1886, the date of the application? Answer. Yes." (2) "Did the plaintiff answer the questions in the application, as to his title and the amount of incumbrances on the property, as the answers are written in the application? A. No." That thereupon the defendant moved the court for judgment notwithstanding the verdict, and also to set aside said verdict, and for judgment in its favor, and that the plaintiff moved for judgment on the verdict; that July 21, 1888, the court entered an order dismissing the plaintiff's complaint, with costs; that thereupon the plaintiff moved for a new trial upon several grounds specified, which was denied, and that afterwards, and on April 6, 1889, and before the entry of judgment, the plaintiff moved, upon affidavits, for a new

trial, on the ground of newly discovered evidence, which motion was denied; that thereupon judgment was entered in favor of the defendant, and against the plaintiff. From that judgment the plaintiff brings this appeal.

For the appellant there was a brief by *Wigman & Martin,* and oral argument by *J. H. M. Wigman.* They took the ground that the alleged false statement was a mere mistake in calculation by the company's agent, who inserted it in the application, and the policy could not be avoided therefor. *Mechler v. Phœnix Ins. Co.* 38 Wis. 670; *Dunbar v. Phœnix Ins. Co.* 72 id. 500; *Baker v. Ohio F. Ins. Co.* 70 Mich. 199; *Pitney v. Glenn F. Ins. Co.* 65 N. Y. 6. If the statement was substantially true, the policy should be upheld. *Allen v. Charlestown M. F. Ins. Co.* 5 Gray, 384; *Collins v. Charlestown M. F. Ins. Co.* 10 id. 155; *Com. Ins. Co. v. Spankneble,* 52 Ill. 53; *Reith v. Globe Ins. Co.* id. 518. The property insured was plaintiff's homestead, and the judgments were not liens. Sec. 2983, R. S., giving a homestead exemption to tenants in common, was in force when all the judgments, except one whose lien had expired, were docketed. *Zimmer v. Pauley,* 51 Wis. 282.

*H. W. Chynoweth,* for the respondent, to the point that his representation was such as to avoid the policy, cited *Berg v. C., M. & St. P. R. Co.* 50 Wis. 419; *Hinman v. Hartford F. Ins. Co.* 36 id. 159; *Schmitsch v. Am. Ins. Co.* 48 id. 26; *Ryan v. Springfield F. & M. Ins. Co.* 46 id. 671; *Glade v. Germania F. Ins. Co.* 56 Iowa, 400; *Jacobs v. Eagle M. Ins. Co.* 7 Allen, 132; *Hankins v. Rockford Ins. Co.* 70 Wis. 1, and other cases.

CASSODAY, J. It appears from the undisputed evidence that the father of the plaintiff died about 1877, leaving to his widow, and to the plaintiff and his two brothers, George and Martin, 116 acres of land, constituting the homestead of the deceased; that some time prior to August 6, 1885,

the widow died, leaving the title to the premises in the three brothers, as tenants in common; that at the date last named George commenced an action for partition of the land against Martin, and the plaintiff in this action, and his creditors having liens upon his interest therein; that November 20, 1886, the commissioners in the partition suit made their report, whereby they agreed to set off to George fifty-two acres of the land specifically described, and the other sixty-four acres, including the buildings on the premises, to Martin and the plaintiff, subject to such liens in favor of the plaintiff's creditors; that the report was in fact agreed upon by the commissioners some time prior to the date last named; that November 10, 1886, Martin conveyed his interest in the sixty-four acres to the plaintiff by warranty deed; that at the time the plaintiff signed the written application for the insurance, November 15, 1886, there was a mortgage on the premises, owned by Henry Hewitt, one of the defendants in the partition suit, upon which there was then due and unpaid over $900; that there were also five several judgment liens thereon, each docketed against the plaintiff in this action, and in favor of the defendants in the partition suit, aggregating $340, besides the interest thereon.    In addition there were three mortgages in favor of Smith executed by George, aggregating $300, besides the interest thereon.

The application stated that the plaintiff was the owner of sixty-five acres of the land in fee, and that the same was incumbered to the amount of $350. In his deposition taken before the trial the plaintiff admitted, in effect, that he had signed the application, and that the title and incumbrance were correctly stated therein. On the trial the plaintiff and his brother Martin testified to the effect that they, or one of them, told the defendant's agent, at the time of taking the application, that the total amount of the Hewitt mortgage was $665, and that the plaintiff's share thereof was about $450. As a matter of fact, the plaintiff's share of the

land was incumbered at the time for at least two thirds of the amount due on the Hewitt mortgage, and the whole amount of the judgments docketed against the plaintiff, aggregating over $1,000, to say nothing of the mortgages given by George. Such being the undisputed evidence, it is very obvious that, under the stipulations in the policy mentioned in the foregoing statement, and the repeated adjudications of this and other courts, the policy in question was void in its inception by reason of the false representations of the assured as to the amount of incumbrance upon the property at the time. *Redmon v. Phœnix F. Ins. Co.* 51 Wis. 292; *Hankins v. Rockford Ins. Co.* 70 Wis. 1; *Kircher v. Mil. Mech. Mut. Ins. Co.* 74 Wis. 473; *Zimmerman v. Home Ins. Co.* 77 Iowa, 685; *Johnson v. Dak. F. & M. Ins. Co.* 45 N. W. Rep. (N. D.), 799; *German Ins. Co. v. Heiduk*, 46 N. W. Rep. (Neb.), 481; *Burlington Ins. Co. v. Gibbons*, 43 Kas. 15.

The motion for a new trial, on the ground of newly discovered evidence, made nearly a year after the entry of the order dismissing the complaint, was properly denied for laches and other reasons. From the plaintiff's affidavit it appears that he procured the attendance, upon the trial, of the defendant's agent, Clune, who took the application, with the expectation of using him as a witness as to the circumstances attending the same, but that he left before he was called. No attachment was issued. No application for a continuance was made. The affidavit of Clune is to the effect that the plaintiff made the statements contained in the application at the time it was signed, and that he had no information to the contrary. Besides, there is no claim that the plaintiff could have proved the facts to be different than he and his brother Martin had testified they were. The defendant was entitled to judgment upon their undisputed evidence.

*By the Court.*— The judgment of the circuit court is affirmed.