WILCOX, Appellant, vs. THE CONTINENTAL INSURANCE COMPANY
        OF NEW YORK, Respondent.

*April 17 — May 2, 1893.*

*Insurance against fire· Forfeiture: Other insurance: Incumbrances:*
                    *Waiver.*

A policy provided that it should be void in case the assured had or
    should procure other insurance or if the property was or should be-
    come incumbered by chattel· mortgage. When the policy was issued
    there was other insurance and a chattel mortgage on the property.
    There had been no written application, and the insurance company
    did not know the facts or make any inquiries as to the title or other
    insurance, nor did it at any time inform the assured that the policy
    would or did contain the provision mentioned. That provision,
    however, was contained in the form of policy prescribed by law,
    and the assured received the policy about eighteen days before a
    loss. *Held*, that the policy was void in its inception.

APPEAL from the Circuit Court for *Dane* County.

The complaint alleges, in effect, the incorporation and lo-
cation of the defendant; that May 20, 1892, the plaintiff
was the owner of a stallion of the value of $1,000, subject
to a chattel mortgage thereon to one Connors for $75, and
then insured in the Mutual Reserve Live-Stock Insurance
Company of Marshall, Mich., for the sum of $200; that on
said day the plaintiff applied to the defendant for an in-
surance policy against loss by fire upon said horse, which
the defendant then and there examined, and agreed to issue
such policy for the sum of $200 as soon as the location of
said horse for the summer should be fixed by the plaintiff;
that at that time the defendant inspected said horse, but
asked no questions of the plaintiff as to the title or other
insurance thereon, and that the plaintiff did not know that
such facts were in any way material to the risk or that the
defendant intended that the policy to be issued thereon

should contain a provision relative to said matters; that May 27, 1892, the plaintiff, having determined upon a location of said horse for the summer, paid to the defendant four dollars, being the premium for such insurance, and the defendant thereupon agreed to send to the plaintiff such policy to insure said horse for one year from June 3, 1892, in the sum named, and upon said last-named day the defendant did send to the plaintiff such policy.

The policy is attached to the complaint and forms a part thereof, and, among other things, contained this clause: "This entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy, or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

The complaint further alleges that June 21, 1892, and during the life of said policy, said stallion was destroyed by fire, without any fault upon the part of the plaintiff; that the plaintiff duly furnished to the defendant due proofs of said loss, as required by the policy, and did everything required of him by said policy to entitle him to the benefits thereof, but that the defendant, after full inquiry, denied all liability to the plaintiff on account of said loss, for the reason of the existence of said chattel mortgage and said prior insurance.

From an order sustaining a demurrer to said complaint for insufficiency, the plaintiff appeals.

For the appellant there was a brief by *Bushnell, Rogers & Hall,* and oral argument by *A. R. Bushnell* and *F. W. Hall.* They contended that the defendant had waived the clause in question by making no inquiries as to chattel mortgages or other insurance when it had full opportunity to do so. *Vankirk v. Citizens' Ins. Co.* 79 Wis. 627. The

clause should be considered as looking to the future. It will not be presumed that defendant intended to issue a policy which was void from its inception. *Ahlberg v. German Ins. Co.* 94 Mich. 259; *Hoose v. Prescott Ins. Co.* 84 id. 309. The allegation in the complaint that defendant fraudulently suppressed and concealed the fact that the policy was to and did contain the provision in question renders the complaint sufficient. *McKenzie v. Planters' Ins. Co.* 9 Heisk. (Tenn.), 261.

*H. W. Chynoweth,* for the respondent, argued that the allegation of the complaint in reference to fraud and concealment states merely a conclusion of law, and is ineffectual because the facts upon which it is based are not stated. *Riley v. Riley,* 34 Wis. 372; *Kewaunee Co. v. Decker,* 30 id. 624. The company was not bound to issue any other than its usual form of policy. *Fuller v. Madison M. Ins. Co.* 36 Wis. 599; *Herbst v. Lowe,* 65 id. 316; *Bonneville v. Western Ass. Co.* 68 id. 298; *Smith v. State Ins. Co.* 64 Iowa, 716; *Hubbard v. Hartford F. Ins. Co.* 33 id. 325; *De Grove v. Metropolitan Ins. Co.* 61 N. Y. 594. The chattel mortgage upon the property at the time of the issuance of the policy avoided it, and the plaintiff cannot recover. *Waller v. Northern Ass. Co.* 2 McCrary, 637, 10 Fed. Rep. 232; *Ross v. Citizens' Ins. Co.* 3 Pugs. & B. (N. B.), 126; *Scottish Union & Nat. Ins. Co. v. Petty,* 21 Fla. 399; *Barrett v. Union Mut. F. Ins. Co.* 7 Cush. 175; *Fitchburg Sav. Bank v. Amazon Ins. Co.* 125 Mass. 431; *Batchelder v. Queen Ins. Co.* 135 id. 449; *Bowman v. Franklin F. Ins. Co.* 40 Md. 620; *Addison v. K. & L. Ins. Co.* 7 B. Mon. 470; *Landers v. Watertown F. Ins. Co.* 86 N. Y. 414; *Hamilton v. Aurora F. Ins. Co.* 15 Mo. App. 59; *Warwick v. Monmouth Co. Mut. F. Ins. Co.* 44 N. J. Law, 83; *Duclos & Co v. Citizens' Mut. Ins. Co.* 23 La. Ann. 332. The policy was in the form prescribed by law. The assured could not say that he did not know its provisions. The company could

not be said to have acted fraudulently in issuing that which the law required it to issue. *Quinlan v. Providence W. Ins. Co.* 15 N. Y. Supp. 317, affirmed 133 N. Y. 356.

CASSODAY, J.   This is an action at law upon a contract in the form of a policy of insurance.   There is no attempt to reform the contract by reason of any mistake or fraud or otherwise.   True, it is alleged, in effect, that in making the contract " the defendant fraudulently suppressed and concealed from this plaintiff the fact that said policy was to and did contain " the provision quoted in the foregoing statement.   No facts are alleged, however, indicating such suppression or concealment.   The most that can be inferred from the facts alleged is that, in making the contract for the insurance, the defendant's agent did not inform the plaintiff that the policy to be sent would contain such a provision, and that it was sent without any explanation that it did contain such a provision.   The policy, which is made a part of the complaint, purports to be the " standard fire insurance policy of the state of Wisconsin," which we understand to be a policy in the form prepared by the insurance commissioner, and filed in his office, as provided in ch. 195, Laws of 1891.   Certainly the complaint contains no allegation that the policy in question is not such a policy, nor that the provision quoted is not contained in the policies usually issued by the defendant, and, besides, the act made it a penal offense for the company to issue any other form of policy.   There is no fact alleged which could tend to mislead the plaintiff, or prevent him from reading the policy as soon as he obtained it; and from what has been said it may be fairly inferred that the parties contracted with reference to the policy upon which the action is brought.

The defendant sent the policy to the plaintiff eighteen days before the fire.   It appears that the plaintiff received

the policy about the time it was so sent. Upon such receipt of the policy the contract of insurance was complete in all its terms, and binding upon both parties. The plaintiff accepted it with all its conditions and limitations. In the absence of any fraud or mistake, he was, on general principles and authority, conclusively presumed to know its contents. *Fuller v. Madison M. Ins. Co.* 36 Wis. 599; *Herbst v. Lowe*, 65 Wis. 321; *Bonneville v. Western Ass. Co.* 68 Wis. 298; *Hankins v. Rockford Ins. Co.* 70 Wis. 5; *Quinlan v. P. W. Ins. Co.* 133 N. Y. 365. In this last case it was, in effect, held that the fact that the assured was ignorant of the conditions printed in the policy of insurance of the standard form prescribed by the statute of that state did not prevent the forfeiture by reason of his failure to comply with such conditions, since the conditions were part of the contract, and hence that he was bound to take notice of them.

The clause of the policy quoted declares, in effect, that the entire policy shall be void in case the assured had or should procure any other insurance on the property covered by the policy, or incumbered the same by chattel mortgage, "unless otherwise provided by agreement indorsed thereon or added thereto." There is no pretense of any such agreement indorsed thereon, or otherwise, and such prior insurance and chattel mortgage are admitted in the complaint. Such being the facts, it follows, from the authorities cited, that the policy was void in its inception, unless the condition was waived by the company. See, also, *O'Brien v. Home Ins. Co.* 79 Wis. 403; *Bosworth v. Merchants' F. Ins. Co.* 80 Wis. 393. Counsel for the plaintiff seem to think that upon the facts stated the defendant had waived the breach of the conditions named, and rely upon *Alkan v. N. H. Ins. Co.* 53 Wis. 136, and *Vankirk v. Citizens' Ins. Co.* 79 Wis. 627; but the clause of the policy under consideration in each of those cases was entirely dif-

ferent from the one here in question. Besides, the defendant should not be held to have waived breaches of which it had no knowledge. It is true, as claimed by counsel, that had the plaintiff made a written application for the insurance in question, and falsely stated therein that there was no prior insurance or incumbrance, then the defendant, to make such misrepresentations available as a defense, would have been obliged, under the statute, to "attach to such policy, or indorse thereon, a true copy of any application or representations of the assured, which by the. terms of such policy are made a part thereof . . . or referred to therein," or be precluded from disproving the statements so made in such application upon the trial. Sec. 1945a, R. S.; *Dunbar v. Phenix Ins. Co.* 72 Wis. 492; *Stanhilber v. Mutual M. Ins. Co.* 76 Wis. 290. The argument here is to the effect that the defense is based wholly upon a *supposed* "*implied false representation*" made by the plaintiff as to the nonexistence of such prior insurance and mortgage; and hence, in analogy to the rule under the statute, the defendant should be precluded from proving the same. But we do not understand such to be the defense. On the contrary, we understand the defense to be based upon the strict terms of the contract, which, as already indicated, is to the effect that the policy should not be operative at all in case of such prior insurance or mortgage, unless by agreement in writing attached to or indorsed upon the policy, as mentioned.

*By the Court.*— The order of the circuit court is affirmed.