EDWARDS and others, Respondents, vs. THE AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, NEW YORK, Garnishee, Appellant.

*October 4 — October 23, 1894.*

*Insurance against fire: Interpretation of policy: Mistake: Garnishment.*

One A. worked by the day in the erection of a house, and S. & M. furnished lumber therefor. Both wishing insurance, A. took out a policy in his own name for an amount sufficient to cover the claims of both. He intended it to cover both claims, and S. & M. paid one half of the premium. When it was discovered that it did not cover the claim of the latter, there was indorsed on the policy, with A.'s consent: "Loss, if any, under this policy, payable to S. & M. as their interest may appear." The building was afterwards destroyed by fire. In garnishment proceedings against the insurance company by creditors of A., it is *held* that the policy insured only the interest of A., and that the amount of his loss was payable to S. & M. to the extent of their interest.

APPEAL from the Circuit Court for *Rock* County.

The principal defendant, John Arquette, did work and labor, and rendered other services, in and about the erection of a dwelling house for one Mary Mulhall, at day

wages. *Schaller & McKey* furnished lumber to Mrs. Mul-
hall for the building. There became due to Arquette, for
wages, $347.70. There became due to *Schaller & McKey*,
for lumber, $350.77. Both parties wished insurance on the
building to secure their claims. For this purpose Arquette
procured a policy in his own name for $700, which was
enough to cover both claims. He intended it to include
both claims. When it was discovered that it did not cover
the claim of *Schaller & McKey*, with the consent of Ar-
quette there was indorsed upon the policy this direction:
"Loss, if any, under this policy, payable to *Schaller &
McKey* as their interest may appear." In this form the
policy was issued to Arquette. *Schaller & McKey* paid
one half of the premium. The building was afterwards de-
stroyed by fire. All proceedings necessary to fix the lia-
bility of the company were taken. Then the several plaint-
iffs began their several separate actions against Arquette,
and garnished the insurance company.

The action was tried before the court without a jury.
The court, in effect, found that the insurance company was
liable on the policy of insurance to Arquette for $347.70,
and to *Schaller & McKey* for $350.77, and gave judgment
for *Schaller & McKey* for $350.77, and for the several
plaintiffs to the aggregate of $347.70, against the insurance
company, as garnishee of Arquette. From this judgment
the insurance company appeals.

For the appellant there was a brief by *Dunwiddie,
Goldin & Wheeler*, and oral argument by *B. F. Dunwiddie*.

For the respondents there was a brief by *Sutherland &
Nolan*, attorneys for *Edwards*, and *John Cunningham*, at-
torney for *O'Brien* and *Downing*, and a separate brief by
*M. P. Richardson*, attorney for *Schaller & McKey* (who
were interpleaded as defendants by order of the court on
their petition); and the cause was argued orally by *G. G.
Sutherland, Mr. Cunningham*, and *Mr. Richardson*.

NEWMAN, J.  It was conceded on the argument that both Arquette and *Schaller & McKey* had insurable interests in the building of Mrs. Mulhall.  This could scarcely be questioned, at least since the decision of *Horsch v. Dwelling House Ins. Co.* 77 Wis. 4.

It seems clear that the policy of insurance was not written in accordance with the wishes or intention of Arquette. But it was received by him with full knowledge of the form of its writing; and the indorsement making the loss, if any, payable to *Schaller & McKey* was made under his direction.  The policy must be held to embody the agreement of the parties.

This is an action at law upon the contract itself.  The court was not asked to reform it on the ground of mistake or otherwise.  Perhaps it could not be reformed in this action, even if it were shown to be a proper case for reformation in a proper action for that purpose.  So the recovery must be according to the terms of the contract itself.  The contract, by its terms, insures only the interest of Arquette. The amount of his loss alone is recoverable upon it.  By his appointment, made at the time of making the contract, this loss is payable to *Schaller & McKey* as their interest may appear.  Their interest is larger than Arquette's loss. There is nothing coming to Arquette after satisfying *Schaller & McKey's* interest.  There is nothing due to him from the garnishee,— nothing to be garnished.  *Schaller & McKey* should recover from the insurance company the amount of Arquette's loss.  Judgment should be for the insurance company in all the garnishment actions.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment in accordance with this opinion.