CAREY, Respondent, vs. LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY, Appellant.

FIRST NATIONAL BANK OF FOND DU LAC, Respondent, vs. SAME, Appellant.

*February 19 — March 10, 1896.*

*Insurance against fire: " Unconditional and sole ownership."*

The vendee in a bill of sale absolute on its face but given as security for a debt, if in possession of the property after the debt has become due, is the sole and unconditional owner thereof within the meaning of a provision in an insurance policy rendering it void "if the interest of the assured be other than unconditional and sole ownership."

APPEALS from orders of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Affirmed.*

Plaintiff in each case was in possession and had the legal title to a quantity of wood, under a conveyance by bill of sale absolute on its face, but in fact as security for debts due from the Wisconsin Furnace Company to the plaintiffs. On the 30th day of August, 1893, the debts were due, and exceeded in each case the value of the wood. Plaintiffs sever-

ally applied to the defendant for insurance against loss on the property by fire. Each explained to defendant's agent the character of the title, so that such agent fully understood the facts in that regard; and thereafter the defendant, through such agent, in consideration of the payment of $250 as premium, issued to plaintiff *Carey* a policy of insurance, insuring him against loss of his wood by fire till the 30th day of August, 1894, to the amount of $10,000; and a policy was likewise issued to plaintiff *First National Bank of Fond du Lac*, in consideration of the sum of $125, insuring it until the 30th day of August, 1894, against loss by fire on its wood to the amount of $5,000.

Each policy provided, among other things, as follows: "This policy shall be void if the interest of the assured be other than unconditional and sole ownership," and "no officer, agent, or other representative of this company shall have the power to waive any provision or condition of this policy, except such as, by the terms of this policy, may be the subject of agreement indorsed hereon or added hereto; and, as to such provisions and conditions, no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto."

The wood was destroyed by fire, and all the conditions of the policy in regard to proofs of loss were complied with. After waiting the time specified in the policy for the payment of the loss, and on the failure and refusal of defendant to pay the same, these actions were brought on the policies. The complaint in each action states all the facts in regard to the assured's title to the wood, and sufficient to constitute a good cause of action, unless the fact that the wood was held as security renders the policies void under the provision in regard to sole and unconditional ownership. The facts in regard to the title fully appearing upon the face of the complaint, a general demurrer was interposed in each case,

Carey vs. Liverpool & London & Globe Ins. Co.

which was overruled, and from the orders entered these appeals were taken.

For the appellant the cause was submitted on a brief signed by *Geo. L. Williams*, of counsel, and *Cady & Cole*, attorneys.

*Edward S. Bragg*, of counsel, for the respondents, cited *Johannes v. Standard F. Office*, 70 Wis. 196, and cases cited; *Imperial F. Ins. Co. v. Dunham*, 117 Pa. St. 460; *Hanover F. Ins. Co. v. Schrader*, 31 S. W. Rep. 1100; *Hough v. City F. Ins. Co.* 29 Conn. 10; *Gaylord v. Lamar F. Ins. Co.* 40 Mo. 13; *Rockford Ins. Co. v. Nelson*, 65 Ill. 415; *Clapp v. Union Mut. F. Ins. Co.* 27 N. H. 143; *Noyes v. Hartford F. Ins. Co.* 54 N. Y. 668; *Curry v. Comm. Ins. Co.* 10 Pick. 535; *Ramsey v. Phœnix Ins. Co.* 17 Blatchf. 527; *Berry v. Am. Cent. Ins. Co.* 132 N. Y. 49; Wood, Fire Ins. § 274; *Lorillard F. Ins. Co. v. McCulloch*, 21 Ohio St. 176; *Appleton I. Co. v. British Am. Ass. Co.* 46 Wis. 24; *Allen v. Charlestown Mut. F. Ins. Co.* 5 Gray, 389.

MARSHALL, J. The only question considered on this appeal is, Was the assured the sole and unconditional owner of the property covered by the policy of insurance, within the meaning of the language therein in that regard.

Each bill of sale, though it conveyed the legal title to the assured, nevertheless, as between the parties thereto and between the vendee and the creditors of the vendor, constituted a mortgage. *Manufacturers' Bank v. Rugee*, 59 Wis. 221; *Lamson v. Moffat*, 61 Wis. 153; *First Nat. Bank v. Damm*, 63 Wis. 249, cited in appellant's brief. But otherwise the vendee, being in possession of the property, and the debt past due, was the sole and unconditional owner thereof, and was such within the meaning of the contract of insurance. May, Ins. §§ 287, 287C; *Hubbard v. Hartford F. Ins. Co.* 33 Iowa, 325. The principle which here controls was applied in *Johannes v. Standard Fire Office*, 70 Wis. 196; *Imperial*

*F. Ins. Co. v. Dunham*, 117 Pa. St. 460; and other cases cited in respondents' brief. Indeed, the law in relation to the subject is so well settled that it would be useless to enter upon any extended discussion of the matter.

This conclusion renders unnecessary the consideration of any other question argued in the briefs of counsel.

*By the Court.*— The order overruling the demurrer in each case is affirmed.

