Mr. Justice CAMPBELL
 

 delivered the opinion of the court.
 

 The defendants recovered a judgment in the District Court, in a plea of debt against one Mahone. The latter haying no property in possession liable to an execution, the defendants, in consequence, served a garnishment on the plaintiff, (Williams,) to attach any debt he might owe their debtor, or secure any effects of theirs he might-have.
 

 The garnishee answered to the process, that on the day the writ of garnishment issued, he had sold some personal properly
 
 *250
 
 of the debtor, under the authority of two deeds of trust, for the satisfaction of the debts described in them; and there remain? iñg a balance due, he sold, a house and
 
 lot,,
 
 described in one of the- deeds, for a sum sufficient to extinguish those debts and to leave a surplus. He further answered that Mahone, prior to the judgment, was indebted to him upon another account, and had so continued a debtor till the sale; that before the judgment, and afterwards, before thé sale, Mahone had instructed him to apply any surplus that might arise from the sale to the payment of that account; and he had done so, in accordance with the .instructions.
 

 ■ There was an issue formed upon the answer of the garnishee, and the subject. of the controversy ■ was the claim of the respective parties to the surplus above described.
 

 The garnishee produced on the trial a number of promissory notes, dated prior to the judgment, and proved the signature of Mahone to them; he also proved-that Mahone had admitted the authority of the garnishee to apply the surplus to the payment of his demands, not described in the deeds, shortly after the sale, and at that time disclaimed any power to control it. Ho evidence vas given of the existence .of the notes of a day prior "to the answer, nor of their consideration. The defendants proved a conversation between their attorney and the Samishee, on the day of the sale, relative to the amount of the ebt from Mah( ne to him, and that the notes were not mentioned by him in that conversation. The court instructed the jury that the inquiry for them was, whether there was fraud or collusion between the garnishee and the debtor. That if they found that the notes were made in fraud or collusion, they would render a verdict in favor of the attaching creditors, for the amount of the surplus in the hands of the garnishee. This charge includes the substance of all the questions presented to the court or jury.
 

 We
 
 think the. case was submitted as favorably for the garnishee as the facts warranted, and that ,he has no reason to complain in consequence of the instructions given or refused.
 

 The plaintiff is not entitled to hold the surplus in his hands arising from the sale of the trust property;.for the payment of the notes, under any stipulation in the deeds.
 
 Those
 
 provide for a return' of the surplus to the grantor, after the payment of the debts described. Hor can the real property conveyed in the deed be retained as a security for advances, or debts subsequently made on the strength of a parol engagement. Such a contract would be avoided by the statute of frauds. Hor is the deed of trust such a conveyance or title-paper as to afford a security, as a deposit, for subsequent engagements.
 

 
 *251
 
 In
 
 Ex parte
 
 Hooper, (1 Meri. Ch. R., 7,) Lord Eldon said: “The doctrine of equitable mortgage by deposit of title-deed has been too long established to be now disputed': .but it may he said that it ought never to have been established. I am still more dissatisfied with the principle upon which I. have acted, of extending the original doctrine so as to make the deposit a security for subsequent advances. At all events, the doctrine is not to be enlarged. In the present case, the legal estate has been assigned, by way of mortgage. The mortgageé is not entitled to say this conveyance is a deposit, because the contract under which he holds it is a contract for conveyance only, ,and not for deposit.”
 

 The only other title that the garnishee has interposed against the claim of the attaching creditor is, that the debtor made a valid appropriation of the surplus arising from the sale, to the satisfaction of a
 
 bona fide
 
 demand of the garnishee against him, prior to the service of the garnishment. The principle adopted by the courts of Alabama for such cases is, that, the adverse claimant for property or effects seized at the suit of a creditor by attachment or execution, must prove the
 
 bona fides
 
 of his • claim, if it is derived from the debtor after the origin of the creditor’s demand;'and the declarations or acknowledgments of the debtor will not be received to. support the title. The recitals in a deed or mortgage executed by him, or admissions made at the time of its execution, will not be received. (Goodgame
 
 v.
 
 Cole, 12 Ala., 77; Nolen & Thompson
 
 v.
 
 Gwinn, 16 Ala., 725.) Nor is the consideration of a note in favor of the claimant shown by the production of the note itself. (De Vendell
 
 v.
 
 Malone, 25 Ala., 272.) The objection to such evidence is said to be, that it can be manufactured by oue indebted, and by that means a creditor might be defeated; for, in most- cases, it would not be practicable for him to prove a negative, or disprove the statement made by his debtor. In the present case, the consideration of the notes was not proved; nor was their existence before the service of the garnishment shown otherwise than by their date — that is, by an -assertion of the debtor. Nor was the order to appropriate the surplus to their payment proved, except by an acknowledgment to a stranger, after the writ of garnishment had been issued.
 

 The
 
 bona fides
 
 of the title of the garnishee to the suiplus in his hands was not supported by competent proof, and therefore the lien of the garnishment was properly maintained.
 

 The plaintiff contends that the proceeding by garnishment is a, statutory proceeding, bv -which a creditor is enabled to reach a demand in favor of ids debtor against a third person;
 
 *252
 
 and that the remedy can only be .resorted to when the debtor himself conld maintain debt or indebitatus assumpsit; and that the only issue which can be made upon an answer of the garnishee is, indebitatus vel non. The Supreme Court of Alabama have decided, in the cases cited, that merely equitable demands or rights of action, not involving a debt or assumpsit, are not the subject of the .garnishee process. But the same court has determined that money or effects in the hands of the garnishee, which are fraudulently withdrawn from the creditors of a defendant, may be reached, in an attachment or judgment, by that process. Hazard v. Franklin, 2 Ala., 349; Lovely
 
 v.
 
 Caldwell, 4 Ala., 684, and the civil code of Alabama,. sec. 2,523, provides explicitly for the attachment of a demand similar to that existing in this case.
 

 Judgment affirmed.