### In re FRANCIS-VALENTINE CO.

(District Court, N. D. California. May 2, 1899.)

#### No. 2,762.

1. BANKRUPTCY — DISSOLUTION OF LIENS — POSSESSION OF PROPERTY UNDER LEVY.

Where actions are begun in a state court, and writs issued and levied on property of an insolvent debtor, within four months before the institution of proceedings in involuntary bankruptcy against him, the trustee is entitled to recover possession of such property from the sheriff holding the same under the levy; and the court of bankruptcy has jurisdiction to order the surrender of the property on summary petition by the trustee.

2. SAME—SHERIFF'S COSTS.

A sheriff, holding property of an involuntary bankrupt under writs levied within four months before the commencement of the proceedings in bankruptcy, has no right, as against the trustee, to retain possession of such property until payment of his costs.

In Bankruptcy.

Gordon & Young, for petitioner.

Reddy, Campbell & Metson, for respondent.

DE HAVEN, District Judge. This is an application made by the trustee of the estate of the Francis-Valentine Company for an order commanding and directing one Richard I. Whelan, his deputies and employés, not to interfere in any way with any of the property of said estate in bankruptcy, or with the trustee's possession thereof.

The respondent does not claim title to the property adversely to the Francis-Valentine Company, but he insists that, prior to the commencement of the proceeding by which the Francis-Valentine Company was adjudged bankrupt, the property had been by him, as sheriff of the city and county of San Francisco, levied upon under writs of attachment and execution issued out of the superior court of the state of California, in and for the city and county of San Francisco, in certain actions pending in that court, in which the Francis-Valentine Company was a defendant; and it is further claimed by him that this court has no jurisdiction, in a summary proceeding like this, to inquire into his right to withhold the possession of said property from the trustee. In my opinion, this court has jurisdiction, as there is no question here of conflicting titles to property; it being conceded that the property belonged to the Francis-Valentine Company, and that the legal title thereto, subject, of course, to all lawful liens, passed by operation of law to the trustee in bankruptcy. The actions in the state court were all commenced, and the writs of attachment and execution issued and levied, within four months prior to the filing in this court of the petition in bankruptcy against the Francis-Valentine Company, and the liens obtained thereby became, under subdivision f of section 67 of the bankruptcy act of 1898, null and void when that company was adjudged bankrupt. Such being the case, the respondent, whose only claim is based upon the proceedings in the state court, is not entitled to the possession of the property levied upon by him, as against the trustee of the bankrupt.

Whether the respondent is entitled to have the costs incurred by him in the attachment proceedings paid out of the proceeds arising from any sale of the property made by the trustee is a question not necessary to be passed upon at this time. If it should be conceded that he has such right, it still cannot be admitted that he has the right to withhold the possession of the property from the trustee for the purpose of enforcing such demand. Application granted.