CENTRAL TRUST CO. v. CHICAGO, R. I. & P. R. CO.

In re BRAND et al.

(Circuit Court of Appeals, Second Circuit. June 22, 1915.)

No. 316.

COURTS ⊙⊐264—FEDERAL COURTS—RESTRAINING SUITS IN STATE COURTS.

A suit by a trustee of a mortgage of a railroad company for appointment of a receiver and distribution of the property of the company among all its creditors, brought in the same District Court in which the trustee had previously sued to foreclose the mortgage, without praying for a receiver and without necessity for a receiver, is not ancillary to the foreclosure suit, but is independent of it, and the court may not in such suit enjoin the prosecution of actions in state courts instituted before such suit was begun.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 801; Dec. Dig. ⊙⊐264.

Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

Appeal from the District Court of the United States for the Southern District of New York.

Roger Foster, of New York City, for appellants.

Albert Rathbone and L. H. Freedman, both of New York City (Henry V. Poor, of New York City, of counsel), for respondent Central Trust Co.

White & Case and R. H. Hansl, all of New York City, for respondent Chicago, R. I. & P. R. Co.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge.    This is an appeal from an order of the District Court of the United States for the Southern District of New York denying the prayer of the petitioners for leave to intervene to vacate an injunction restraining them from proceeding against the defendant in certain actions brought by them as bondholders of the Chicago, Rock Island & Pacific Railroad Company in the City Court for the City of New York against it and others before this suit was instituted.

September 3, 1914, the Central Trust Company, as trustee of a mortgage of the Chicago, Rock Island & Pacific Railroad Company, covering the entire capital stock of the Chicago, Rock Island & Pacific Railway Company, began suit to foreclose the mortgage. There was no prayer for the appointment of a receiver, nor any need of one, because all the property covered by the mortgage was in the actual possession of the trustee. In this suit it was so proceeded that all the property covered by the mortgage was sold December 22, 1914, and a large deficiency judgment entered against the defendant January 15, 1915.

January 18, 1915, the Central Trust Company, trustee as aforesaid, instituted a suit against the same company in the same district, asking for the appointment of a receiver of the company's property and the distribution of the same among the complainant and the other creditors of the company. The defendant having admitted the allegations of the bill, a receiver was appointed, and, among other things, all creditors and stockholders of the defendant the Chicago, Rock Island & Pacific Railroad Company were enjoined from instituting or prosecuting any proceedings at law or in equity against it.

In the meantime, however, the petitioners, bondholders of the Chicago, Rock Island & Pacific Railroad Company, had begun eight actions in the state court. It will only be necessary to consider three of them, brought by Frances E. Hidden and Sadie E. Hidden, respectively, against the defendant company, as well as against the Chicago, Rock Island & Pacific Railway Company and various directors of each company, who were charged with negligence and malfeasance in office. The plaintiffs asked that the directors be required to account to the companies, and among other things that a receiver be appointed of the property of the Chicago, Rock Island & Pacific Railroad Company, and the same applied first to the payment of the plaintiffs' claims, and thereafter to payment of such other creditors as might prove claims. The complainants alleged that the Central Trust Company, trustee, and the officers of both the railroad companies have refused to bring the actions.

We do not think there is any necessity for the petitioners to intervene in the federal suits. If the injunction improperly restrains them, they are entitled to relief without becoming parties. The material question is whether the receivership suit begun in the federal court was ancillary to and therefore a part of the earlier foreclosure suit, or was new and independent. If it were ancillary, and such a remedy were necessary, the District Court had a right to protect its own prior jurisdiction by the injunction. Gunter v. Atlantic Coast Line, 200 U. S. 273, 292, 26 Sup. Ct. 252, 50 L. Ed. 477. On the other hand, if it were independent, jurisdiction of the state court, having attached before it was instituted, could not be disturbed by the District Court.

We think it was a new and independent suit. The foreclosure suit asked relief for the bondholders only against such of the defendant's property as was secured by mortgage. No receivership of the defendant's property generally could have been asked for in that suit, nor any relief for defendant's creditors generally. But in the subsequent suit a receivership of all the defendant's property for distribution among all its creditors was asked for and granted. The distinction is pointed out in Mutual Reserve Fund Life Association v. Phelps, 190 U. S. 147, at page 159, 23 Sup. Ct. 707, at page 709 (47 L. Ed. 987). Mr. Justice Brewer said:

"Again, the proceeding for the appointment of a receiver was not a new and independent suit. It was not in the strictest sense of the term a creditors' bill. It did not purport to be for the benefit of all creditors, but simply a proceeding to enable the plaintiff in the judgment to obtain satisfaction thereof, satisfaction by execution at law having been shown to be impossible by the return of nulla bona. It is what is known as a supplementary proceeding, one known to the jurisprudence of many states, and one whose validity in those states has been recognized by this court. Williams v. Hill, 19 How. 246 [15 L. Ed. 570]; Atlantic & Pacific Railroad Co. v. Hopkins, 94 U. S. 11 [24 L. Ed. 48]; Ex parte Boyd, 105 U. S. 647 [26 L. Ed. 1200]; Street Railroad Co. v. Hart, 114 U. S. 654 [5 Sup. Ct. 1127, 29 L. Ed. 226]. It is recognized in some cases in Kentucky. Caldwell v. Bank of Eminence, 18 Ky. Law Rep. 156 [35 S. W. 625]; Caldwell v. Deposit Bank, 22 Ky. Law Rep. 684 [58 S. W. 589]. This proceeding was treated by the state court as one merely supplemental in its character. It was initiated by the filing of an amended and supplementary petition. It was a mere continuation of the action already passed into judgment, and in aid of the execution of such judgment. As such it was not subject to removal to the federal court, the time therefor prescribed by the statute having passed. 24 Stat. 554; Martin v. Baltimore & Ohio Railroad, 151 U. S. 673–684 [14 Sup. Ct. 533, 38 L. Ed. 311]."

The plaintiffs in the actions in the state court who are asserting causes of action belonging to the corporations are neither stockholders nor judgment creditors of the Chicago, Rock Island & Pacific Railroad Company. It is to be presumed that court will dispose of all questions relating to the rights of parties in the actions there pending both justly and correctly.

The order granting the injunction is reversed.