## In re ALBRIGHT.

District Court, E. D. Pennsylvania. April 9, 1927.

No. 8578.

1. **Bankruptcy �köö363—Filing of claim submits question of its validity to exclusive determination by bankruptcy court.**

A claiming creditor, who makes proof of his claim, submits the question of its validity to the determination of the bankruptcy court, and where it has been disallowed by the referee, so long as that decision remains unreversed, he may not proceed to enforce his claim in a state court.

2. **Bankruptcy ⊂ːö200(4)—Voluntary adjudication held to dissolve lien of levy made within four months (Bankruptcy Act, §§ 67c, 67f [Comp. St. § 9651]).**

Where the holder of a note with warrant of attorney enters judgment thereon and levies on the defendant's property, the latter being then insolvent, and within four months adjudicated a voluntary bankrupt, under Bankruptcy Act, §§ 67c, 67f (Comp. St. § 9651), the lien acquired by the levy is thereby dissolved, though the note was given more than four months before and when bankrupt was solvent.

3. **Bankruptcy ⊂ːö391(3⅜)—Proceeding by judgment creditor to enforce judgment in state court, after proving claim in bankruptcy, stayed.**

Claimant entered judgment against bankrupt on judgment notes and levied on a fund which, on the adjudication within four months, passed to the trustee. Claimant made proof of his claim, which was disallowed by the referee. *Held* that, pending review of the referee's order, further proceeding by claimant in the state court to enforce his judgment against the fund would be stayed.

In Bankruptcy. In the matter of Harry M. Albright, bankrupt. On motions to vacate restraining orders. Denied.

Robert P. Shick, of Philadelphia, Pa., for claimant.

Paul H. Price and Ellwood H. Deysher, both of Reading, Pa., for trustee.

THOMPSON, District Judge. A petition in voluntary bankruptcy was filed November 9, 1923, and adjudication entered the same day. On September 14, 1923, two judgments had been entered in the court of common pleas of Montgomery county against Albright, the bankrupt. One of these judgments was entered upon Albright's judgment note, dated December 4, 1922, for $3,600, in favor of Walter G. Roland. The other judgment was entered upon Albright's judgment note, dated July 9, 1923, in favor of Walter G. Roland. These judgments were both assigned to Robert P. Shick, Esq., by Roland, on the day of entry, September 14, 1923.

On October 18, 1923, within four months of bankruptcy, Albright had deposited $5,558.07, the proceeds of the sale of certain of his real estate, with the Norristown Trust Company, to hold in escrow pending the decision of Albright's claim of a defense to these judgment notes and to another judgment note not involved in the present controversy. On October 20, 1923, he deposited with the Penn Trust Company a further sum of $940.65, being his distributive share, as a stockholder, of the proceeds of the sale of the personal property of a corporation, this sum also to be held in escrow pending Albright's claim of a defense to the judgment notes. The two trust companies have since merged under the name of the Norristown-Penn Trust Company.

On November 6, 1923, Mr. Shick caused attachment executions to be issued upon the two judgments and served upon the Norristown Trust Company and the Penn Trust Company, respectively, as garnishees, on November 7, 1923. The petition in bankruptcy having been filed, and Albright adjudicated a bankrupt, Mr. Shick filed his proofs of claim for principal, interest, and costs upon the two judgment notes.

To both of these claims, the trustee filed exceptions setting out that the judgment notes were given Roland without any consideration; that the notes were given by Albright to Roland for the purpose of raising money for the purpose of meeting obligations which Albright had incurred, the proceeds of which obligations were given to Roland, and that, if Roland could not raise the money upon the notes, they were to be returned to Albright; that Roland failed to raise any money on the notes, and, instead of returning them to Albright, entered the judgments in question

.thereon; that the retention of the notes and the entry of judgment thereon, and their assignment to Mr. Shick, was a fraud practiced by Roland on Albright. It was further objected that, the judgments having been entered within four months of the adjudication in bankruptcy, at a time when Albright was insolvent and his insolvency known to Roland, their payment would constitute an unlawful preference.

The referee, after taking voluminous testimony, decided the issues in favor of the trustee, and disallowed both claims. Thereupon Mr. Shick obtained a certificate of review, which is now pending in this court undetermined.

Meanwhile, in January, 1926, Mr. Shick filed interrogatories in the attachment execution proceedings in the Montgomery county court and the trustee, by leave of that court, intervened therein as a party defendant. On March 14, 1927, upon petition of the trustee, this court entered orders restraining Mr. Shick from further proceeding to enforce the attachment executions issued upon the judgments. Mr. Shick has moved to vacate the restraining orders.

[1] The motion broadly presents the question whether one, who has voluntarily begun proceedings and prosecuted his claims in a court of bankruptcy, and had a determination in that court against him, which, unless brought before the District Court, sitting in bankruptcy, upon a certificate, would be a final adjudication of his rights, may, before action by this court upon his pending certificate of review, proceed to enforce his claim in the state court.

It is urged that the court has no power to stay the proceedings upon the attachment executions, because its only power to stay is that conferred by section 11 of the Bankruptcy Act (Comp. St. § 9595), which provides for stay of suits against a bankrupt only "until after an adjudication or the dismissal of the petition; if such person is adjudicated a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

If Mr. Shick withdraws his petition for certificate for review, he is in the position of having a final order of the referee against him and his claim to enforce the judgment on his notes finally disallowed by a court of competent jurisdiction. The fund he is seeking to reach by attachment in the Montgomery county court consists of money which was the property of the bankrupt.

Under section 70a (Comp. St. § 9654), the bankrupt's title to that fund is vested in the trustee, and under the facts found by the referee upon the proceedings before him, certified to this court for review, the lien of his attachment against the bankrupt, who has been found insolvent, having been obtained through legal proceedings within four months prior to the filing of the petition in bankruptcy, became under section 67f (section 9651) null and void. The claimant, however, after proceeding for several years in the bankruptcy proceedings, chose to file and serve his interrogatories in the state court. The trustee thereupon was placed in the position where he must, of necessity, present his petition for intervention in that proceeding, in order that a judgment against the garnishee should not be obtained in the state court by default.

[2] Section 67c of the Bankruptcy Act (Comp. St. § 9651) applies to voluntary as well as involuntary cases, in view of the fact that section 1, clause 1 (Comp. St. § 9585), declares that a person against whom a petition has been filed, shall include a person who has filed a voluntary petition. Where a creditor, holding a note with warrant of attorney, enters judgment thereon and levies on the debtor's property, the latter being then insolvent, and within four months thereafter the debtor files his voluntary petition in bankruptcy, the lien acquired by such levy is dissolved by the adjudication in bankruptcy, notwithstanding the fact that the note was given more than four months before, and at that time the latter was solvent. In re Rhoads (D. C.) 98 F. 399; In re Richards (C. C. A.) 96 F. 935; In re Moyer (D. C.) 93 F. 188; In re Francis-Valentine Co. (D. C.) 93 F. 953; In re Kemp (D. C.) 101 F. 689; In re Higgins (D. C.) 97 F. 775.

An attachment being made null and void by the adjudication in bankruptcy, no laches on the part of the trustee will make it valid. The effect of the Bankruptcy Act is to avoid attachments, levies, or liens therein referred to as against the trustee in bankruptcy and those claiming under him, so that the property may pass to and be distributed by him among the creditors of the bankrupt. Casady & Co. v. Hartzell, 171 Iowa, 325, 151 N. W. 97, 34 Am. Bankr. Rep. 236.

A claimant is in the bankruptcy court when he presents his claim for payment, and by introducing his claim he necessarily asks the court to adjudicate it, which involves the question of validity and payment. In re

Thompson (D. C.) 276 F. 313, 47 Am. Bankr. Rep. 461.

The bankruptcy court is a court of equity, armed with equity powers in aid of its jurisdiction and the enforcement of its orders. A court of bankruptcy may therefore accomplish by its order a result similar to that which could be accomplished by a court of equity under similar circumstances, provided the person against whom the decree or order was directed was a party in the proceeding and has been served in personam. One who has made himself a party in a bankruptcy proceeding has thereby submitted himself to the jurisdiction of the bankruptcy court, and there he must stay so far as concerns any attack by him upon the orders of the bankruptcy court. In re Ohio Copper Mining Co. (D. C.) 241 F. 711, 39 Am. Bankr. Rep. 284.

[3] It is therefore concluded that the claimant, having submitted himself to the jurisdiction of this court for the purpose of having adjudged his claim to a fund, the title to which is in the trustee, may be restrained by this court, during the pendency of the proceedings here, from attempting to have his claim to that fund adjudged by another court.

The motions to vacate are overruled.