(130 So. 391)

## BYNON v. CITIZENS' BANK OF CARBON HILL.

6 Div. 428.

Supreme Court of Alabama.

Oct. 23, 1930.

628

J. M. Pennington, of Jasper, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Davis & Curtis, of Jasper, for appellee.

ANDERSON, C. J.

The mortgage in question recites that it was given to secure an indebtedness evidenced by a certain note therein described, and makes no reference to future advances. However, oral evidence was admissible to show that the actual consideration was advances to be made. Huckaba v. Abbott, 87 Ala. 409, 6 So. 48; Kirby v. Raines, 138 Ala. 194, 35 So. 118, 100 Am. St. Rep. 39; Manchuria Co. v. Donald & Co., 200 Ala. 641, 77 So. 12.

The witness Kropp, who seems to have been believed by the jury, and who was the plaintiff's witness, said that the mortgage was given to hold as security for drafts to meet the pay rolls between the making and maturity of same; in other words, that the mortgage was to operate as security for any balance due the bank for that period, not, of course, to exceed the amount for which the mortgage was given. This could be shown by parol evidence and without offending the rule against changing the legal effect of the instrument. Lippincott v. Lawrie, 119 Wis. 573, 97 So. 179, and cases cited; Jones on Mortgages (8th Ed.) § 450. It seems well settled by the weight of authority, including our own decisions, that parol evidence is admissible to show that a mortgage was given to secure future advances, although it recited that it was given to secure a present or past indebtedness, and, such being the case, it can as well be shown that it was given to stand as a continuing security for any balance due upon advances to be made during a certain period. Lippincott v. Lawrie, supra.

True, in order for the understanding between the appellant's husband and Kropp, the president of the bank, to be binding upon the appellant, she must have previously authorized or subsequently ratified such an agreement or understanding. Kropp, who was the plaintiff's witness, testified to such an agreement with the husband, and there was evidence from which the jury could infer that the appellant knew of the purpose for which the note and mortgage was given and either authorized or ratified the understanding. Hence the trial court did not err in refusing the plaintiff's affirmative charge.

As above stated, parol evidence was admissible to show the real consideration of the mortgage and this was done by showing the agreement between Kropp and plaintiff's husband, who negotiated the extension of the credit, and there was proof from which the jury could infer that the appellant knew of this arrangement and either authorized or ratified same. The trial court did not err in permitting proof of what occurred and was said between Kropp and plaintiff's husband leading up to and in consummating the transaction.

There was no error in giving the defendant's charge embodied in the thirteenth assignment of error. It was in the abstract a correct statement.

Charge 15, given for the defendant, correctly hypothesized the defense to the plaintiff's case. It is criticized because of the use of the word "believe," but it has been settled by this court that, while the use of this word may justify a refusal of such a charge, the giving of same will not work reversible error. Birmingham R. R. v. Nelson, 216 Ala. 149, 112 So. 422.

There was no error in refusing the plaintiff's charge made the basis of the ninth assignment of error. It invaded the province of the jury.

As stated in brief of counsel, charges 1 to 8, inclusive, "leave out the question of the mortgage being given for future advances and constitute directions to the jury to find for the plaintiff if they are reasonably satisfied that the mortgage was given to secure a draft of $3,700.00 or an indebtedness of $3,700.00 as the instrument purports to be." This, of course, leaves out of consideration the fact that it may have been given to secure said draft as well as other drafts or indebtedness as testified to by plaintiff's witness, Kropp.

Assignments 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23 are grouped in argument, and it is insisted that the transaction between the plaintiff's husband and Kropp, the bank president, should not have been gone into because she was not present. This contention overlooks the fact that the husband was acting as the agent of the plaintiff, and the evidence afforded an inference for the jury that she authorized or ratified his action in the matter.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.