183 So. 418

**GREEN et al. v. FEDERAL LAND BANK OF NEW ORLEANS.**

7 Div. 495.

Supreme Court of Alabama.

June 16, 1938.

Rehearing Denied Oct. 6, 1938.

432

Harvey A. Emerson, of Anniston, for appellants.

C. H. Young, of Anniston, for appellee.

THOMAS, Justice.

The appeal challenges the action of the trial court in overruling demurrer to the amended cross-bill.

The relief sought by the appellants M. B. Green and his wife, Daisy E. Green, grows out of a situation created wholly by M. B. Green. Green admits participating in a fraud upon the Federal Land Bank, and while confessing his fraudulent conduct, asks that the appellee be made to suffer a substantial financial injury which could only have come about through appellee's ignorance of the facts alleged in the bill; alleges that the notary public fraudulently certified that his then wife, Mittie Green, did in fact and in truth execute the mortgage which appeared to be entirely regular and properly acknowledged. The bill admits the death of the first Mrs. Green, and the answer shows that the notary has been dead for a number of years. If, in fact, the mortgage had not been signed and acknowledged, as certified by the notary, this fact was wilfully withheld for a period of some fifteen years.

Assuming that the proof will support the allegation as to the falsity of the notary's certificate, under no conditions can appellant M. B. Green benefit through this fraudulent certificate for the reason that he was a party thereto.

This Court, recently speaking through Justice Knight, in Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136, in a like situation as we have in the case at bar, said (page 140): "Before such a decree, in the event of such a finding, could properly be entered, and as a condition precedent, Mrs. Lowery, as the vendee of the mortgagor, should have been required to make restitution of any moneys, or things of value, obtained by her grantor from Fies & Sons upon the supposed validity of these mortgages. This upon the plainest principles of equity that 'he who seeks equity must do equity.' We cannot give our sanction to the proposition that a person can obtain another's money or property upon the faith and assurance of a mortgage security, and, after receiving and appropriating it, go into a court of equity, where the maxim that he who seeks equity must do equity has always been rigidly applied and enforced," and have the court cancel the mortgage as a cloud upon his title without returning the money or property so obtained.

See also Estes v. Metropolitan Life Ins. Co., 232 Ala. 656, 169 So. 316; Grider v. American Freehold Land Mortg. Co., 99 Ala. 281, 12 So. 775, 42 Am.St.Rep. 58; Giddens v. Bolling, 99 Ala. 319, 13 So. 511; Harton v. Little et al., 188 Ala. 640, 65 So. 951; Montgomery, Supt. of Banks et al. v. Ward, 227 Ala. 641, 151 So. 583.

It is further declared that in a proper case a negligent act or guilty silence may work an estoppel as affectively as an express representation. Irvin v. Irvin, 207 Ala. 493, 93 So. 517; Ivy v. Hood, 202 Ala. 121, 79 So. 587. That is, that every case must stand on its particular facts—there is no iron-clad rule.

We find no error in overruling demurrers to the cross bill, and the decree of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.