12 So.2d 554

**WEATHERWAX et al. v. HEFLIN et al.**

**8 Div. 196.**

Supreme Court of Alabama.

Feb. 11, 1943.

Rehearing Denied March 25, 1943.

R. L. Almon, of Moulton, for appellants.

R. E. Proctor, of Moulton, and S. A. Lynne, of Decatur, for appellees.

216

THOMAS, Justice.

The bill was for injunction as to a mortgage foreclosure, for accounting between mortgagor and mortgagees.

The original bill, filed by appellants, October 18, 1940, alleged that on February 12, 1926, appellants executed a mortgage to W. I. Heflin, for the purpose of securing an indebtedness of one thousand ($1,-000) dollars, maturing February 12, 1927, and conveying a lot in the Town of Moulton, Alabama; that the mortgagee died, leaving the appellees as the sole heirs at law and distributees; that subsequent to the maturity of the mortgage indebtedness, the complainant, J. L. Weatherwax, attended to and looked after the affairs of the estate at the request of the appellees, with the agreement that the value of such services were to be applied on the indebtedness secured by the mortgage, and that the services were reasonably worth the amount of the indebtedness secured by the mortgage, and was thereby satisfied.

It is further averred that the appellees were proceeding to foreclose the mortgage. In addition to the general prayer for relief, special relief was sought for an order requiring the record of the mortgage to be marked paid and satisfied, or, in the alternative, that it be ascertained and determined the true amount owed on said mortgage, and to allow complainants a reasonable time within which to pay the same. The bill also prayed for a preliminary writ of injunction.

The court granted the preliminary injunction.

In answer to the bill, the appellees averred that in addition to the mortgage indebtedness admitted and alleged by the appellants, on May 4, 1926, the appellants incurred an additional indebtedness of one hundred twenty-five ($125) dollars, evidenced by promissory note, signed by them in and by which it was stipulated and agreed that said indebtedness was secured by said mortgage, and that on December 9, 1929, an additional indebtedness of three hundred seventy-five ($375) dollars, was incurred evidenced by promissory note, in which it was stipulated and agreed that that indebtedness should also be secured with said mortgage. It was further averred in the answer that there was an agreement with J. L. Weatherwax, a nephew of W. I. Heflin, that he would assist his aunt in the handling of the affairs of her husband's estate, for which he was to be paid the interest on his indebtedness to the estate, and this was the sole and only agreement for compensation.

The trial court decreed that the complainants' prayer for relief be denied and disallowed; that the complainants were indebted to the defendant at the date of the decree in the sum of two thousand two hundred and ten ($2,210) dollars; that if said indebtedness was not paid within sixty days from the enrollment of the decree, the lands embraced in the mortgage should be sold for the satisfaction of said indebtedness.

Several questions of law that have application are that: as between themselves the parties to a mortgage may by agreement extend the security of same to cover an additional indebtedness. Abbeville Live Stock Co. v. Walden, 209 Ala. 315, 96 So. 237; Forsyth v. Preer, Illges & Co., 62 Ala. 445.

In McWhorter v. Tyson, 203 Ala. 509, 83 So. 330, it is held: "Under the statute of frauds as to realty and the statute prohibiting parol mortgages of personalty, a parol agreement to impose on the property a charge or lien to secure a different debt or obligation from that originally intended is ineffective."

A mortgagor seeking to redeem must be prepared to pay not only the obligation originally secured by the mortgage, but a subsequently incurred indebtedness for which an agreement was duly made that the land should be held a security. In 17 A.L.R. p. 14, Rule II, many authorities are collected to the effect that, "The broad general doctrine is announced in many cases that a contract required by the Statute of Frauds to be in writing cannot be modified by subsequent oral agreement."

In 36 Am.Jur. p. 786, § 187, it is said: "The general rule is that the imposition of conditions not contained in a mortgage, or the payment of a debt not secured thereby, may not be exacted as a condition of redemption from the mortgage. A different rule has been adopted in some cases, however, where the mortgagor is seeking the aid of a court of equity in the enforcement of his equity of redemption, in which case the maxim 'he who seeks equity must do equity' is applied in such manner as to require as a condition precedent to relief the payment by the mortgagor of not only the mortgage debt, but all other debts due from the mortgagor to the mortgagee."

And in the same volume of American Jurisprudence, § 196, p. 790, it is said: "A tender of payment of a mortgage debt must be kept good in order to maintain a suit for redemption from a mortgage, and it is generally regarded as an essential part of a bill to redeem a mortgage that it offer in express term to pay the amount due with costs. Sometimes, it is required that the money be paid into court. The principle underlying these rules is that he who seeks equity must do equity. On the same principle, it has been held that a mortgagor. going into equity to redeem may be required to pay not only the mortgage debt, but all other debts due from him to the mortgagee. [Chamberlain v. Thompson, 10 Conn. 243, 26 Am.Dec. 390; Lee v. Stone, 5 Gill. & J., Md., 1, 23 Am.Dec. 589; Coombs v. Jordan, 3 Bland, Md., 284, 22 Am.Dec. 236. Annotation: 18 Eng. Rul.Cas. 277.] * * *." (Brackets supplied from text.)

The rules just set out are contrary to the rule of McWhorter v. Tyson, 203 Ala. 509, 83 So. 330, supra. However, the better statement of the rule is found in 36 Am. Jur. p. 722, §§ 67 and 68, which follows:

"Although there is authority to the contrary, the general rule is that a mortgage cannot secure future advances unless it was intended to do at the time of its execution, and that subsequent parol agreements by the parties that it should have that effect are nugatory. It has also been stated as a broad proposition that a general agreement to secure future advances must be confined to such as are in the contemplation of the parties at the time the agreement is made. [Forelines v. Paulk et al., 243 Ala. 516, 10 So.2d 864; Bynon v. Citizens' Bank of Carbon Hill, 221 Ala. 626, 130 So. 391.]

"A mortgage does not secure obligations which were not contemplated by the parties to be secured thereby. Indeed, it is a general rule that a mortgage cannot, subsequent to its execution, be extended by parol agreement to secure debts or obligations other than those which it was executed to secure. Such an extension, if effective, would be equivalent, to the execution of a new mortgage to secure the additional obligation. It, therefore, falls within the prohibition of the statute of frauds. It is true that oral testimony is admissible to show what obligations were intended to be secured by a mortgage and will be received to establish that the mortgage was in fact given to secure obligations, distinct from those expressed, but this doctrine permits parol testimony only to show the intention of the parties at the time the mortgage was executed and not to establish a subsequent agreement, in effect creating a new mortgage, to extend the mortgage to secure additional obligations. * * *." [Brackets supplied.]

■ A note of submission is mandatory and it is required under equity rules 56 and 57, Code 1940, T. 7, Appendix, p. 1095, that a note of submission by the parties be made and nothing not noted shall be con-

sidered by the court. "But it is not necessary to note any testimony given orally before the judge in open court under Rule 56, if written out and filed in the cause." The evidence of the complainant and wife was before a commissioner. Home Ins. Co. v. Shriner, 235 Ala. 65, 177 So. 897; Boswell v. Longshore, 238 Ala. 535, 192 So. 267; Rule 120, Code 1940, T. 7, Appendix, page 1125; State Tax Comm. v. Commercial Realty Co., 236 Ala. 358, 182 So. 31; Allison Lumber Co. v. Campbell, 225 Ala. 609, 144 So. 574; Johnston v. Johnston, 229 Ala. 592, 158 So. 528.

We find that no note of submission by complainants is contained in the record. There is a full note of submission on the part of respondents, carrying the deposition of Mrs. Heflin and all exhibits thereto. We cannot consider the testimony as to the complainant and wife as to the exact terms of the contract for services to be rendered the estate and next of kin. The estate was large and appears to have been well handled during the time of depression. The matters exhibited by the record that may be given consideration are: the mortgage of J. L. Weatherwax and wife of date of February 12, 1926, maturing on the 12th day of February, 1927, and for the sum of one thousand ($1,000) dollars, covering the homestead as indicated in brief of counsel and now sought to be foreclosed; the allegations contained in the answer of Mrs. Evie Heflin and her daughter Josephine Heflin Littrell to the effect that on May 4, 1926, a promissory note in the principal sum of $125, bearing interest at the rate of eight per cent from date and payable on demand, which note had the words written in the face thereof, "payment secured with mortgage on real estate"; and that on Dec. 9, 1929, by the administrator of the estate of W. I. Heflin, deceased, transferred and assigned with note to respondents and on the 11th day of May, 1927, complainants executed in favor of the administrator a promissory note for $375 bearing interest at eight per cent per annum from date, and due on the 11th day of May, 1928, which note was duly transferred and assigned to respondents; and that in said note is contained the words, "payment secured with mortgage on house and lot in Moulton, Alabama," and that no payment has been made on the note for $1,000 secured by the mortgage indicated or on the $125 note or on the note of $375, above indicated.

It is apparent from the pleading, answers and testimony of the respondents that the two notes aggregating $500 were not in contemplation of the parties at the time the mortgage for a thousand dollars was given to secure only the sum of one thousand dollars, as the mortgage recites. There is no evidence to the effect that the mortgage was given to secure future advances. Forelines v. Paulk, supra.

Our authorities are clear to the effect that where a real estate mortgage is a different transaction from the other matters sought to be recovered by foreclosure, it does not operate as a security for a later advance, as hereinabove indicated. Crew v. Peoples Trust & Savings Bank, 239 Ala. 615, 195 So. 900; Bynon v. Citizens' Bank of Carbon Hill, 221 Ala. 626, 130 So. 391, 393.

We need not cite the numerous authorities to the general rule that a mortgage cannot subsequent to its execution be extended by parol agreement to secure debts or obligations other than that which it is executed to secure. Such an attempt as that before us would be equivalent to the execution of a new mortgage to secure the additional obligation and would fall within the prohibition of the statute of frauds. Code 1940, T. 20, §§ 2 and 3. This is not saying that oral testimony is not admissible to show what obligations were intended at the time to be secured by a given mortgage.

The giving of the two notes after the execution of the thousand dollar mortgage, one of said notes being given at the law date of the mortgage (though reference was made therein) could not have the effect of a mortgage on real property. This is emphasized by the fact that the mortgage, as it is insisted by counsel, was the homestead of appellants. Code 1940, T. 7, § 626.

The purpose of the last cited section was to safeguard the wife in order that her signature and assent to the conveyance might be free from the duress of the husband.

Looking to the record and evidence that may be considered under the rule requiring the note of testimony relied upon, we are of opinion that the decree of the circuit court is in error in embracing the two last notes.

The cause is reversed and remanded for another trial where the foregoing error may be corrected, and consideration given, if desired, to the amount of a reasonable compensation to be paid by appellees to appellant Weatherwax for the reasonable services he rendered to decedent's wife and daughter in the handling of the estate and in its due administration.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

## [On Rehearing.]

THOMAS, Justice.

▆ The trial was had under the Code of 1940. The old rule 76 of Equity does not obtain. Code 1940, T. 7, Appendix, p. 1095, rule 57. It is:

"A note of submission, signed by each party to the submission or his attorney of record, showing the proof upon which he rests his case, shall be filed by the register at the time of a submission for a final decree; and nothing not noted on the note of submission shall be considered by the Court. But it is not necessary to note any testimony given orally before the judge in open court under Rule 56, if written out and filed in the cause.

"If in any case it becomes impracticable for such note of submission to be signed as above required, the register may make out and sign the note."

The decree of the court among other things recited:

"This cause coming on to be heard, was submitted to the court for final decree upon the pleadings and proof noted by the Register, and was argued orally before the court by the attorneys representing the respective parties and written Briefs were submitted to the court by the attorneys for both complainants and defendants, * *."

The claim of exemption of homestead was filed February 5th, and the motion for rehearing is of the date of May 15, 1942.

The assignment of error in this court is by the attorney who filed the bill. The brief for appellant is by a different counsel, making known to the court that he was not of counsel for appellants-complainants when the cause was submitted for final decree or when the error was assigned in this court. That he was away serving his country in the war of nations.

▆ Adverting to the record where the note of testimony should have been embraced, under the duty imposed on counsel or upon the register, according to the foregoing rules, it should be observed that there is no note of testimony touching complainants' pleading and proof. Hence a large part of the evidence is without the consideration of this court. The note of testimony for the respondents contains, among other things, the following:

"The respondents being called, separately and severally, offer and note the following testimony:

"* * *

"Fourth: Deposition of J. B. Perdue, and Exhibit one thereto.

"Fifth: Deposition of J. P. Miller, and all Exhibits thereto.

"Sixth: Deposition of Mrs. Evie Heflin, and all Exhibits thereto.

"Seventh: Deposition of Josephine Heflin Littrell.

"Eighth: Deposition of Ed Louallen.

"Ninth: Objections and exceptions by respondents to the testimony."

This is in compliance with the rulings touching the duty of respondents and objections and exceptions to testimony noted before the commissioner. Sisson v. Swift, 243 Ala. 289, 9 So.2d 891.

The answers of the respondents are to the effect that the allegations in paragraphs 1, 2 and 3 of the original bill are admitted as true and the respondents further say that:

"* * * the said Complainants herein did execute in the favor of W. I. Heflin, now deceased, on May 4, 1926, a promissory note in the principal amount of $125.-00, bearing interest at the rate of 8 per cent per annum from date, payable on demand, and which said note has the following words written on the face thereof: 'payment secured with mortgage on real estate'; that, on December 9, 1929, A. J. Wade as administrator of the estate of W. I. Heflin, deceased, did transfer and assign said note to Evie Heflin and Josephine Heflin, your Respondents; that, on the 11th day of May, 1927, the Complainants did execute to and in favor of A. J. Wade, Administrator, a promissory note in the principal sum of $375.00, bearing interest at the rate of 8 per cent per annum from date, and due on the 11th day of May, 1928, which said note was duly transferred and assigned to Evie Heflin and Josephine

Heflin, the Respondents herein on December 9, 1929, by A. J. Wade, Admr.; that respondents further aver that the said note executed on May 11, 1927, contained the following words written on the face thereof: 'payment secured with mortgage on house and lot in Moulton, Alabama.' * * * * *."

In the fourth paragraph the respondents denied the matter alleged as to the services of Weatherwax to them and in paragraph five admit that by and through their attorney they posted notices of foreclosure of said mortgage, and deny that such attempted foreclosure was wrongful.

In the testimony of respondents each, as witness on her own behalf, denied the employment of complainant as alleged and deny payment of said notes has been made other than as admitted in their answers.

When the whole record is looked to, carrying the note and mortgage of complainant and wife of date of February 12, 1926, for $1,000.00, the separate acknowledgment of the wife thereto; the claim of exemptions hereinabove adverted to; the note for $125.00 of date of May 4, 1926, and the note for $375.00 of date of May 11, 1927 (which original documents will be set out by the reporter of decisions),— we are of opinion that the nature and character of the Lot No. 5 (contained in the mortgage) was known on the trial. The description of said lot shows it was a corner lot bounded on the west by Nance Street, on the north by North Street and that a part thereof (South Half of Lot 8) was bounded on the East by Market Street and on the south by the old Methodist Church lot.

The correspondence that ensued after respondents placed the $1,000.00 mortgage in the hands of Perdue and Miller, their attorneys, is embraced in respondents' submission in her note of testimony and contained references to the "loan on his dwelling for the purpose of retiring the outstanding mortgage indebtedness on the same"; that "this dwelling is now in good repair"; that "you state that he wishes this loan to retire an existing indebtedness on the property"; that "Mrs. Weatherwax paid us the sum of $20.00 this morning on their loan from you and under the agreement that we had with them to pay a rental of $20.00 per month which would be applied on the interest accruing on the loan"; that "Mrs. W. I. Heflin and Mrs. Josephine Heflin Littrell, Moulton, Alabama, parties named under No. 4, hold the mortgage which Mr. Weatherwax is asking to refinance"; and that in the letter referring to the loan on his dwelling, "we would like for you to advise whether your bank will make loans at present on old construction houses under this feature of the F. H. A. We enclose herewith photographs of the dwelling and adjoining houses for inspection. This dwelling is now in good repair."

The reporter of decisions will set out this material correspondence.

When the foregoing is considered with the testimony of Mrs. Heflin and her daughter, and the failure of incorporation in the record of the testimony of the complainant and his wife, it indicates that the case should be retried on all of the evidence to ascertain the true amount due on the mortgage indebtedness and the nature of the property being dealt with in the foreclosure and to be awarded and included in the final decree.

There are questions of law that should be determined at this time to guide the trial court in a retrial of the cause.

In Carey v. Hart, 208 Ala. 316,. 94 So. 298, 300, it was declared that a void mortgage cannot operate by estoppel or otherwise to transfer title and that a plaintiff in ejectment transferred by defendant to equity need not do equity. The court said:

"He brought his action of ejectment to secure his strictly legal right to the possession of his property. He was brought into equity nolens volens, and improperly as the evidence disclosed. In no event could his property be subjected to a lien on account of the void mortgages. To hold otherwise would emasculate the statute. * * *"

In the application for rehearing counsel say that the authority cited in 76 A.L.R. pp. 579 and 584 is contrary to the view we have heretofore announced. The texts adverted said:

"By the weight of authority, an oral agreement for the extension of the security of a mortgage or deed of trust to cover additional indebtedness is not enforceable for any purpose.

"United States.—Williams v. Hill, 1857, 19 How. 246, 15 L.Ed. 570. But see [Board of Com'rs of] Mattamuskeet Drainage Dist. v. [A.V.] Wills [& Sons], D.C. 1916, 236 F. 362, infra.

"Alabama.—Hanchey v. Powell, 1911, 171 Ala. 597, 55 So. 97. But see McWhorter v. Tyson, 1919, 203 Ala. 509, 83 So. 330, infra. * * *."

We have followed the citation of subsequent cases, and it will be noted that McWhorter v. Tyson, 203 Ala. 509, 83 So. 330, was by a divided court with two concurring votes, two justices agreeing with the conclusion and three justices dissenting on the point presently before us, and the judgment does not support the 5th headnote or annotation as quoted in the original opinion.

The case of Hanchey v. Powell, 171 Ala. 597, 55 So. 97, is dealt with in Becker Roofing Co. v. Hanks et al., 228 Ala. 685, 155 So. 360, 362, where the court said:

"The letter from Mrs. Hanks to complainant's attorney, Exhibit D to complainant's testimony, written a year after the transaction, cannot be held to be a ratification of any act of her husband, so far as relates to a lien on her property. This letter is in keeping with her testimony, denying the execution of the contract, as well as her consent to the roof being put on; is a begging for time for payment of the husband's debt, and a promise to assist in making payment, when able to do so.

"Merely accepting the status quo after the roof was put on, and recognizing an obligation to pay for it, will not suffice to create a lien on her property. Wadsworth v. Hodge, 88 Ala. [500], 506, 7 So. 194; Hawkins Lumber Company v. Brown, 100 Ala. 217, 114 So. 110; Hanchey v. Powell, 171 Ala. 597, 55 So. 97."

We believe that our decisions dealing with rights of the original parties to the mortgage are not in conflict. In Rudder v. Trice, 236 Ala. 234, 182 So. 22, 23, this court recently said:

"But in this connection, it is very well settled that if the arrangement by which the term of a lease is extended for more than one year is a contract within itself, it must be in writing. But if such arrangement is not an independent agreement, but is in the nature of a modified manner of performing a valid contract which itself complies with the statute, it need not be in writing, though the statute would otherwise require a writing. Abbeville Live Stock Co. v. Walden, 209 Ala. 315, 96 So. 237; Messer v. Dupuy-Burke Realty Co., 226 Ala. 438, 147 So. 193; 27 Corpus Juris

329, note 60; 25 R.C.L. 564, section 160; 16 R.C.L. 924, section 431; Albert Mackie & Co. v. [S. S.] Dale & Sons, 122 Miss. 430, 84 So. 453; compare, McKenzie v. Stewart, 196 Ala. 241, 72 So. 109."

In Woolen v. Taylor et al., 241 Ala. 316, 2 So.2d 413, where the bill was to redeem land sold under mortgage foreclosure and to set aside foreclosure deed and for accounting, the many authorities in this and other jurisdictions are collected, where a party has been released of the oral modification of the terms of a mortgage and has performed the obligations imposed upon him by the agreement that the rights of the parties must be determined by the modified agreement; and the cases where the rights of parties are determined by the modified agreement and where one party has failed to take action called for by the writing in reliance upon the oral modification, that the cases are based upon estoppel, waiver, etc.,—reliance being placed upon the action of the party in inducing a departure from the written agreement as working an estoppel against him.

It is interesting to note the many decisions cited and discussions contained in 118 A.L.R. 1511, 1515, note; Zannis v. Freud Hotel Co., 256 Mich. 578, 240 N.W. 83, 80 A.L.R. 539, 540; Lieberman v. Templar Motor Co., 236 N.Y. 139, 140 N.E. 222, 29 A.L.R. 1095; Schaap v. Wolf, 173 Wis. 351, 181 N.W. 214, 17 A.L.R. pp. 10 and 14.

In 118 A.L.R. p. 1511, the general rule on the subject is stated to the effect that a contract required by the statute of frauds to be in writing cannot be modified by subsequent parol agreement, and finds support in the many authorities from other states, including that from this state of Rudder v. Trice, 236 Ala. 234, 182 So. 22.

Adverting to the evidence and the two notes in question, the one for $125.00 containing the endorsement averred in the answers of Mrs. Heflin and her daughter that it was secured by mortgage, and the one for $375.00 also containing the endorsement therein indicated (hereinafter considered) in said answer,—the questions for final decree are: What sums will be added to the consideration recited in the $1,000.00 mortgage of grantors on the homestead? Does that make a difference under the authorities cited below and Green v. Federal Land Bank, 236 Ala. 431, 183 So. 418; Coburn et al. v. Coke et al., 193 Ala. 364, 69 So. 574? Have the debts evidenced by the

mortgage and the two notes been ·paid? Should the last note, given after the law date of the mortgage, be embraced in such foreclosure?

In brief on rehearing, appellant says that "there is ample evidence in this case, not noted by them, which would, in our judgment, justify a holding that the entire debt had been paid by the honest, hard work rendered by Weatherwax to the Heflins and at their request, and which work they not only fail to deny but they admit it. If this former holding should be modified in any way, it should be to hold that Weatherwax has paid and discharged the mortgage debt in full." However, we cannot consider this phase of the question because of the failure of the note of testimony on submission for final decree on the part of complainant-appellant.

It will be noted that the bill is filed by the husband and the wife. Their interests cannot be separated in the premises under the pleading before us as noted in Coon v. Henderson, 240 Ala. 492, 497, 199 So. 704; Id., 242 Ala. 144, 5 So.2d 397; Hamm v. Butler, 215 Ala. 572, 112 So. 141.

Although the consideration of the mortgage cannot by parol evidence be made to include a debt not within the contemplation of the parties at the time the mortgage was made, the general rule is that equity will require a complainant, seeking its aid, to do equity as a condition on which relief will be granted. Such court will not take jurisdiction to vacate an agreement which does not comply with the statute of frauds (8 Ala.Dig. 443, Equity, ☞66; McWhorter v. Tyson, supra); or a mortgage on the homestead of a married man which is not duly executed as such (Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136; Estes v. Metropolitan Life Ins. Co., 232 Ala. 656, 169 So. 316; Green v. Federal Land Bank, 236 Ala. 431, 183 So. 418; Mathews v. J. F. Carroll Mercantile, 195 Ala. 501, 70 So. 143; Butler v. Wilson, 237 Ala. 312, 186 So. 687), without requiring as a condition to relief that complainant do equity by refunding that which was received on strength of the instrument sought to be vacated as affected by subsequent agreement.

The error under the record before us in embracing the notes in the amount necessary to be paid on redemption, resulting from the insufficiency of the memorandum to that effect on the notes, consists in the fact that the evidence does not clearly show an obligation on the part of appellant to· pay same as a condition to redemption of the particular mortgage sought to be enjoined in foreclosure and to be redeemed. The burden was upon appellees to show that the money was borrowed on these notes to be secured by the mortgage here involved and no other. There may have been another mortgage which the memorandum had reference to. The burden being on appellees, they must prove by competent evidence that the memorandum on the notes referred only to the mortgage now in question.

We conclude with the further observation as to whether the two notes had been paid or were intended to be added to the $1,-000.00 mortgage and call attention to the matter contained on p. 144 of the record which follows:

"Exhibit 'J' to testimony of J. L. Weatherwax

"Exhibit 'A' to testimony of Mrs. Evie Heflin  Voucher # 1.

"State of Alabama $\Big\}$ 6 Day of Dec., 1929
"ShelbyCounty

"We, Mrs. Evie Heflin, widow of W. I. Heflin, deceased, and Josephine Heflin, daughter of said deceased, being the sole and only heirs at law of said W. I. Heflin deceased hereby acknowledge that we have received of A. J. Wade, the Administrator of the estate of said W. I. Heflin, deceased, the following:

"James Delashaw, rent note $240.00 credit of $200.00

"T. T. Woodruff, Mortgage $750.00

"Carl Leach Mortgage $1080.00 credit of $592.45

"J. L. Weatherwax Mortgage $1125.00. * * * *."

And on page 145 of the record, the following is observed:

"And we have received of the said A. J. Wade, in addition to the above all notes, mortgages, books and papers and accounts and all other property mentioned by him in his Inventory, and also all other property received by him as such a Administrator belonging to said estate and this acknowledgment of receipt in (is) intended, and shall operate, as a receipt in full for all property received by him as such administrator and we and each of us, as the widow and only child of deceased, hereby release said A. J. Wade from all and further liability from any acts or neglect in or concerning

his administration of said estate of W. I. Heflin, deceased.

"Witness:

"J. C. Cowan    Evie Heflin,
              Widow of W. I. Heflin, deceased.

"J. C. Cowan    Josephine Heflin,
              Daughter of W. I. Heflin, deceased."

This would tend to indicate that the intention of the parties at that time was that no other sum than the $1,000.00 was due and unpaid by appellant to respondents when there appeared the recital "J. L. Weatherwax mortgage $1125.00" was due on date of December 6, 1929. The two notes, that of May 11, 1927, for $375.00, and that for $125.00 of date of May 4, 1926, were not included in this inventory or receipt though they bore, respectively, the endorsements "payment secured with mortgage on house and lot in Moulton, Alabama," and "Payment secured by mortgage on real estate."

The case should be retried on all of the evidence and therefore the application for rehearing is denied.

BROWN and LIVINGSTON, JJ., concur.

GARDNER, Chief Justice (concurring specially):

Counsel for appellees lay much stress upon the maxim "he who seeks equity must do equity," and insists the opinion rendered in this case ignores that salutary principle. This Court has consistently recognized and enforced this maxim. Perhaps the case of Interstate Trust & Banking Co. v. National Stockyards National Bank, 200 Ala. 424, 76 So. 356, (with which the writer is most familiar) presents one of the stongest illustrations of the application of this just principle.

But we find no averment or indication in the pleadings, either the bill or amendment, calling for the application of this maxim. The answer merely makes mention of the two notes executed subsequent to the mortgage and the recitals therein,— that and nothing more. Whether money was obtained at the time upon consideration of the execution of these notes secured by the $1,000.00 mortgage, is left wholly in conjecture, both by the pleadings and the proof.

Indeed, a reading of the record would indicate the case was tried, not upon the theory of any such maxim, but upon the theory of an agreement of the mortgagor and the mortgagee that the security of the mortgage would be extended to embrace these subsequent notes.

Our case of Hanchey v. Powell, 171 Ala. 597, 55 So. 97, appears to be in accord with the weight of authority that such extension may not be made by mere oral agreement. 76 A.L.R. p. 579.

The opinion of Justice Thomas sufficiently disposes of the case of McWhorter v. Tyson, 203 Ala. 509, 83 So. 330, stressed by appellees, and no further comment is necessary.

The recitals in the subsequent notes are ambiguous, and may be aided by proof such as is admissible in other ambiguous contracts. We have held the proof here presented is insufficient to this end, and adhere to that conclusion.

Moreover, if this real estate constituted a homestead, as contended in brief, but not clearly appearing in the proof, then the concurrence of the wife would be necessary to the validity of any such extension agreement. Dunn v. Buckley, 56 Wis. 190, 14 N. W. 67; 76 A.L.R. p. 591.

Under the evidence before us, therefore, the decree was erroneous in that it included as a part of the mortgage indebtedness these two subsequently executed notes.

In view of a retrial of the cause, some comment is proper as to the claim of complainant for compensation for services rendered the holders of this mortgage. The chancellor is correct in the statement of the legal principle that a mortgagor, in the absence of a showing of insolvency or other equitable grounds, may not be permitted to set off a mere legal demand against the mortgage indebtedness. Knight v. Drane, 77 Ala. 371; Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am.St.Rep. 48.

If, however, it appears there was an agreement that the value of his services should be credited the mortgagor upon the mortgage indebtedness, then it may be so applied, just as any other payment. Though complainant's testimony is meager in this respect, yet some of it did so indicate, particularly where he states, as to the conversation concerning these services and charges therefor, "I owed her and I'd take credit for it." The real value of these services does not appear to be very well established

by the evidence before us. There is much detail of proof which might well have been omitted and embraced within more general terms.

It is suggested the decree be modified by eliminating the indebtedness as evidenced by the two subsequent notes and as modified affirmed. This is a matter that is addressed to the court's sound discretion. But in view of the situation, as disclosed by the record, we conclude the ends of justice call for a reversal and remandment of the cause.

I concur in the result therefore for the reasons above indicated.