MADDOX,. Justice.
Plaintiff, S. T. Huffstutler, sought specific performance, and in the alternative, damages, for a breach of a land sale contract made by defendants, Charles and Beryl Dobbs, husband and wife.
The facts are not complex. During January, 1975, the Dobbs told a realty broker that they wanted to sell their house. The Dobbs’ title is what is commonly referred to *1125 as a joint tenancy with right of survivor-ship.
Huffstutler inspected the Dobbs’ house, and after a period of negotiation, agreed to purchase it for $22,000. Both Charles and Beryl Dobbs signed the contract of sale and their signatures were witnessed. At closing, however, they refused to execute a deed. Huffstutler filed the instant suit.
The trial judge ordered the Dobbs to perform or, in the alternative, pay damages in the sum of $5,000 within thirty days. The Dobbs filed a motion for a new trial. The trial judge denied the motion and allowed the order for specific performance to stand. However, he did reduce the damages from $5,000 to $2,500.
In his order, the trial judge recognized that the decree of specific performance could be contrary to some old case law of this state. He found:
“. . . Surely the Supreme Court of Alabama, . . . could not have meant that in a particular situation such as is present in the instant case, under all the evidence, that simply because the subject real property was the homestead of the Defendants that an innocent party who dealt with the Defendants-sellers in good faith should be damaged because the sellers had a change of mind upon becoming convinced that the property was worth more than the agreed sales price.”
The issues presented are: (1) Whether a court of equity has the power to specifically enforce a contract for the sale of the homestead jointly owned by the husband and wife when the wife refuses to sign a deed of conveyance; (2) Whether the evidence justified the granting of specific performance; (3) Whether the amount of damages awarded alternatively was excessive.
On the first issue, the sellers rely heavily on Section 205 of the Constitution of Alabama, 1901, Title 7, § 626, Code of Alabama, 1940, and this Court’s cases of Jenkins v. Harrison, 66 Ala. 345 (1880); Lyon v. Hardin, 129 Ala. 643, 29 So. 777 (1900).
Section 205 provides:
“Every homestead not exceeding eighty acres, and the dwelling and appurtenances thereon, to be selected by the owner thereof, and not in any city, town, or village, or in lieu thereof, at the option of the owner, any lot in a city, town, or village, with the dwelling and appurtenances thereon owned and occupied by any resident of this state, and not exceeding the value of two thousand dollars, shall be exempt from sale on execution or any other process from a court; for any debt contracted since the thirteenth day of July, eighteen hundred and sixty-eight, or after the ratification of this Constitution. Such exemption, however, shall not extend to any mortgage lawfully obtained, but such mortgage or other alienation of said homestead by the owner thereof, if a married man, shall not be valid without the voluntary signature and assent of the wife to the same.”
Title 7, Section 626, provides:
“No mortgage, deed or other conveyance of the homestead by a married man shall be valid without the voluntary signature and assent of the wife, which must be shown by her examination before an officer authorized by law to take acknowledgments of deeds, and the certificate of such officer upon, or attached to such mortgage, deed or other conveyance, which certificate must be substantially in the form of acknowledgment for individual prescribed by section 30 of Title 47 of this Code.”
The purpose of Section 205 and Title 7, Section 626, Code, which require the voluntary signature of the wife, has been held to be that of safeguarding the wife from undue influence and duress of the husband. See Watkins v. Pennell, 285 Ala. 208, 231 So.2d 83 (1970); Weatherwax v. Heflin, 244 Ala. 210, 12 So.2d 554 (1943). If the main purpose of the constitutional and statutory provision is to safeguard a wife from duress of the husband, that purpose has not been thwarted here, because it is undisputed that the husband did not coerce his wife to sign the contract for sale. In fact, there is evidence from which the court could have found that the wife initiated the negotiations for the sale of the house.
*1126 The sellers contend that whether the husband used duress against the wife or not begs the question — that a contract to convey the homestead, even though she assents, is not a conveyance or alienation of the homestead and is ineffectual to transfer it. Jenkins and Lyon are authority, albeit old authority, for the sellers’ contention, at least, when a “married man” is the “owner” of the homestead. Both Section 205 of the Constitution and Title 7, Section 626, which require the assent of the wife refer to “owner” and “married man.” We could distinguish Jenkins and Lyon and say that both those cases involved situations where a “married man” was the “owner” of the homestead. However, we think that to distinguish this case on the fact that here the wife was part owner of the homestead would be making a distinction without a difference. Consequently, we hold that a valid executory contract to sell a homestead may be specifically enforced against a wife if she has voluntarily assented to the contract. Insofar as Jenkins and Lyon and cases of similar import are in conflict with this holding, they are hereby overruled. If we held otherwise, it would give a married woman a right to void a contract to sell the homestead which would be unavailable to men, single women and widowed women. To hold otherwise than as we hold would create an inequity, at least, and an unequal protection of the law, at most. Cf. Peddy v. Montgomery, 345 So.2d 631 (Ala.1977), where this Court struck down a state statute which classified marriéd women differently from men and unmarried women.
On issues 2 and 3, we find no error. The trial judge’s determination that the contract of sale was not unjust is supported by the evidence. Furthermore, his alternative award of $2,500 as damages for nonperformance of the contract is fair.
AFFIRMED.
TORBERT, C. J., and FAULKNER, JONES, SHORES, EMBRY and BEATTY, JJ., concur.
BLOODWORTH and ALMON, JJ., concur in the result.